UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

TERRENCE LEE                  *          CIVIL ACTION

VERSUS                        *          NO: 08-4738

PARISH OF JEFFERSON, ET AL    *          SECTION: "D"(4)

                           **ORDER AND REASONS**

Before the court is the **"Motion to Dismiss Plaintiff's Complaint as Against Brett Todd" (Doc. No. 33)** filed by Defendant, Brett Todd. Plaintiff, Terrence Lee, filed a memorandum in opposition. The motion, set for hearing on Wednesday, April 8, 2009, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court rules.

In this matter, Plaintiff alleges that he and Defendants Todd, Miller, Hartline and Chauvin were employees of Defendant, Jefferson Parish Department of Sewerage. Plaintiff identifies the respective positions of the individual employees as follows:

> Chauvin was a foreman and the immediate supervisor of Mr. Lee, Hartline was a Superintendent II and the immediate supervisor of Chauvin, Miller was a General

>   Superintendent and the immediate supervisor of Hartline, and Todd was the Director of the Department of Sewerage and the immediate supervisor of Miller.

(Complaint at ¶XIII).

Plaintiff further alleges that:

>   For a period of five years, Miller, Hartline and Chauvin, and their predecessors in office, maintained racially intimidating, offensive and humiliating objects in the Supervisors' office. Those objects included, but were not limited to: two lynch nooses; a slave master's whip, a whipping post and a "butt kicking machine." Todd was aware of the offensive objects in the Supervisors' office.

(*Id.* at ¶XVI).

Plaintiff generally alleges racial discrimination (Complaint at ¶1)and sues Defendant Todd (along with three other individuals and the Parish of Jefferson) claiming:

(1) conspiracy to deprive Plaintiff of rights and privileges in violation of 42 U.S.C. §1981 and 1985. (*Id.*, First Claim for Relief, ¶¶XVIII-XX);

(2) hostile work environment in violation of Title VII. (*Id.*, Second Claim for Relief, ¶¶ XXI-XXVI);

(3) disparate treatment in violation of Title VII. (*Id.*, Third Claim for Relief, ¶¶ XXVII-XXXV);

(4) retaliation in violation of Title VII. (*Id.*, Fourth Claim for Relief, ¶¶ XXXVI-XL);

2

    (5) violation of Plaintiff's First Amendment right to free speech and violation of 42 U.S.C. §1981 and 1983 because Plaintiff was suspended when he reported to the FBI. (*Id.*, Fifth Claim for Relief, ¶¶ XLI-XLVI);

    (6) violation of due process and equal protection under the Fourteenth Amendment and violation of 42 U.S.C. §§1981 and 1983 because Defendants refused to properly treat Plaintiff's grievances. (*Id.*, Sixth Claim for Relief, ¶¶ XLVII-XLIX);

    (7) intentional infliction of emotional distress. (*Id.*, Seventh Claim for Relief, ¶¶ L-LII);

    (8) deliberate indifference to Plaintiff's constitutional rights in violation of 42 U.S.C. §1983; (*Id.*, Eighth Claim for Relief, ¶¶ LIII-LV); and

    (9) continuing violation of Title VII and §§1981 and 1983. (*Id.*, Ninth Claim for Relief, ¶¶ LVI-LVII).

Plaintiff makes a general allegation that his suit is also brought under the Louisiana anti-discriminatory statutes: LSA-R.S. 23:1006 *et seq*. and LSA-R.S. 51:2231 *et seq.* *(Id*. at ¶ I-II).

In the instant motion, Defendant Todd argues that Plaintiff fails to state a cause of action against him in an individual capacity and he has no liability in an official capacity (as "claims against Defendant Todd in his official capacity are in all

respects claims against the Parish"). (Doc. No. 33-2, p. 1). Defendant Todd moves the court to dismiss the claims against him, or order Plaintiff to furnish a more definitive statement of the claims against him.

**A. Plaintiff's Claims Asserted Against Defendant Todd, in his Individual Capacity, under Title VII and LSA-R.S. 23:331 (improperly pled under LSA-R.S. 23:1006)**

The court **GRANTS** Defendant Todd's motion regarding these claims under Title VII and LSA-R.S. 23:331, because Defendant Todd was not Plaintiff's employer or his immediate supervisor. Any claim against Defendant Todd under Title VII is limited to Defendant Todd's official capacity as Director of the Department of Sewerage.[1]

**B. Plaintiff's §1983 Claims Asserted Against Defendant Todd**

It is unclear from the allegations of the Complaint whether Plaintiff's §1983 claims against Defendant Todd are brought against him in his individual or official capacity. In his Complaint, Plaintiff alleges that Defendant Todd was the Director of Sewerage (Complaint at ¶XIII) and he "was aware of the offensive objects in the Supervisors' office" (*Id*. at XVI). However, Defendant Todd maintains that the Complaint fails to set forth any facts

---

[1] In his opposition, Plaintiff concedes that: "Mr. Lee is not making a Title VII claim against Mr. Todd in his individual capacity." (Plaintiff's Opp., Doc. No. 37, p. 2).

establishing a §1983 claim against him in his individual capacity. He points out that:

> No facts are pled with respect to how or when Mr. Todd allegedly became aware of the objects, or how much awareness ties in to the complaint by Mr. Lee.  There are no allegations that Mr. Todd was aware that Mr. Lee saw objects in an office.  There are no allegations that Mr. Lee or anyone else complained to Mr. Todd about the objects and were ignored.  There are no allegations that Mr. Todd had *any personal involvement* in the acquisition of objects which the plaintiff deems objectionable, or the placement of objects in any office where the plaintiff might have seen the objects.

(Defendant's Reply Memo., Doc. No. 45, p. 7).  Thus, Defendant Todd argues that Plaintiff's §1983 claims against him are asserted against him only in his official capacity.

In his opposition, Plaintiff responds:

> [a]ccepting all well pleaded facts as true and making all inferences in favor of the party opposing a Rule 12(b)(6) motion, Defendant, Todd's, failure to demand removal of the offensive objects for a period exceeding five years constitutes **gross negligence or deliberate indifference** for the constitutionally protected rights of Mr. Lee. Consequently, Defendant's Rule 12 motion must be denied.

(Plaintiff's Opp., Doc. No. 37, p. 3, emphasis added).

However, while Plaintiff alleges "deliberate indifference" in his Eighth Claim for Relief, he does not allege "gross negligence" and he does not allege that Defendant Todd failed to demand removal

5

of the offensive objects for a period exceeding five years. Rather, Plaintiff merely alleges that "Todd was aware of the offensive objects in the Supervisors' office." (Complaint at ¶XVI).

As to Plaintiff's §1983 claims, the court treats Defendant Todd's motion as a **"Motion for a More Definitive Statement,"** the court **GRANTS** the motion and **ORDERS** Plaintiff to file an **Amended Complaint** stating as to *any* **§1983 claim** against Defendant Todd, whether it is brought against him in his individual or official capacity, and setting forth the factual basis for any **§1983 claim**[2] if brought against Defendant Todd in his individual capacity.[3] Plaintiff is further instructed to file his Amended Complaint by **Wednesday, April 29, 2009**.

**C. Plaintiff's §1981, §1985 and Due Process and Equal Protection**

---

[2] The district court must insist that a plaintiff suing a public official under §1983 file a short plain statement that rests on more than conclusions alone. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).

In order to state a cause of action under §1983 against individual government officials, the plaintiff "must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Anderson v. Pasadena Independent School District*, 184 F.3d 439. 443 (5th Cir. 1993). "It is not enough to allege that government officials with no direct contact with a plaintiff are responsible for the acts of their subordinates." *Id*.

[3] Plaintiff has set forth §1983 claims in his Fifth Claim for Relief (re: suspension); Sixth Claim for relief (re: grievances); Eighth Claim for relief (re: deliberate indifference); and Ninth Claim for Relief (continuing violation).

**Claims Asserted Against Defendant Todd**

The court **DENIES** Defendant's **Motion to Dismiss** the following claims: Plaintiff's **§1981 claims** asserted in his First Claim for Relief (re: conspiracy), Fifth Claim for Relief (re: suspension), and Sixth Claim for relief (re: grievances); Plaintiff's **§1985 claim** asserted in his First Claim for Relief (re: conspiracy);[4] and Plaintiff's **due process and equal protection claim** asserted in his Sixth Claim for relief (re: grievances).

However, the court **GRANTS** Defendant's alternative **"Motion for a More Definitive Statement"** regarding these claims to the extent that Plaintiff must state in his Amended Complaint whether these claims are brought against Defendant Todd in his individual or official capacity. If brought against Defendant Todd in his individual capacity, Plaintiff must set forth the factual basis in support of any such claim.[5]

Again, Plaintiff is instructed to file his Amended Complaint by **Wednesday, April 29, 2009**.

---

[4] In response to Defendant Todd's motion to dismiss Plaintiff's §1985 claims, Plaintiff argues: "because Defendant Todd acted with gross negligence and deliberate indifference, he can be held to be personally liable outside his official capacity." (Opp. at p. 4). However, again, the only factual allegation against Defendant Todd is that he was aware of the offensive objects in a supervisor's office. (Complaint at ¶XVI).

[5] The plaintiff must plead sufficient facts to state a claim for relief that is "plausible on its face;" the plaintiff's right to relief must be raised "above the speculative level" by the factual allegations. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). Conclusory allegations or legal conclusions serving as factual conclusions will not prevent dismissal. *United States v. Georgia Gulf Corp.*, 386 F.3d 648, 654 (5th Cir. 2004).

**D. Plaintiff's Intentional Infliction of Emotional Distress Claims Asserted Against Defendant Todd**

In response to Defendant Todd's motion to dismiss Plaintiff's intentional infliction of emotional distress claim asserted against him, Plaintiff argues: "Defendant Todd's failure to have the symbols of terror removed constituted gross negligence and deliberate indifference that can reasonably be inferred as an intentional effort to inflict emotional distress upon Mr. Lee." (Opp. at p. 5).  However, again, the only factual allegation against Defendant Todd is that he was aware of the offensive objects in a supervisor's office.  (Complaint at ¶XVI).

Thus, the court **GRANTS** Defendant's alternative **"Motion for a More Definitive Statement"** regarding this claim to the extent that Plaintiff must state in his Amended Complaint whether this claim is brought against Defendant Todd in his individual or official capacity.  If brought against Defendant Todd in his individual capacity, Plaintiff must set forth the factual basis in support of any such claim.[6]

Again, Plaintiff is instructed to file his Amended Complaint by **Wednesday, April 29, 2009**.

---

[6] *See* fn.5, *supra.*

**E.   Qualified Immunity**

Defendant Todd argues that the "Complaint"[7] against him must be dismissed based on qualified immunity. The court finds that the defense of qualified immunity must first be raised in Defendant's Answer, before the court considers dismissal based on that doctrine. The court **INSTRUCTS** Defendant that when he files his Answer and raises the defense of qualified immunity, Defendant must state with specificity *each cause of action to which he is pleading this defense*. In a separate memorandum to be filed simultaneously with his Answer, Defendant must cite case law (preferably from the Fifth Circuit) which supports the applicability of the qualified immunity defense to actions *other than §1983 actions*. After Defendant's answer is filed, the court will consider, either upon Defendant's motion or *sua sponte*, ordering Plaintiff to file a detailed Rule 7 Reply.[8]

---

[7] A qualified immunity defense is often asserted against a §1983 claim. Plaintiff's "Complaint," however is not limited to §1983 claims.

[8] A plaintiff need not "anticipate the [qualified immunity] defense in his complaint at the risk of dismissal under Rule 12." *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995). Rather, as instructed by the Fifth Circuit,

> When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's own motion or its own, require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations. A Defendant has an incentive to plead his defense with some particularity because it has the practical effect of requiring particularity in the reply.

*Id*. at 1433.

## Conclusion

For reasons set forth above, the court **GRANTS** Defendant Todd's **Rule 12(b)(6) Motion to Dismiss** Plaintiff's claims asserted against Defendant Todd in his individual capacity under Title VII and LSA-R.S. 23:331, because Defendant Todd was not Plaintiff's employer or his immediate supervisor.  Any claim against Defendant Todd under Title VII is limited to Defendant Todd's official capacity as Director of the Department of Sewerage.

The court **FURTHER GRANTS** Defendant Todd's **Alternative Rule 12(e) Motion for More Definite Statement** as all other claims asserted against Defendant Todd.  Plaintiff must file his Amended Complaint in accordance with the instructions set forth above by **Wednesday, April 29, 2009.**

New Orleans, Louisiana, this **8th** day of **April**, **2009**.

                                                A.J. McNAMARA
                              UNITED STATES DISTRICT JUDGE